# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS R. NICHOLSON, et. al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. 2:05CV2218-VEH |
| v. | ) | |
| | ) | |
| **BEAR ROCK FOODS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiffs', Thomas R. Nicholson, Julie M. Nicholson, and Nicholson Enterprises, Inc., Motion to Amend the Order of Dismissal (doc. 33) to state that the cause is remanded to the Circuit Court of Jefferson County, Alabama and Motion to Vacate the Judgment of Dismissal and for an Order Denying the Defendants' Motion to Dismiss (doc. 36).  After discussion of the standards governing Rule 59 motions, the Court concludes that Plaintiffs' motions are unsupported and due to be **DENIED**.

### Standard of Review

"The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).  A party may not "use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Essentially, a Rule 59(e) motion will not be granted when a party simply disagrees with the district court's decision but offers no new law or evidence. *See id.* However, there is some authority that Rule 59(e) motions may be granted for the following reasons: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).[1]

The trial judge has discretion whether to alter or amend a judgment, and such a decision will not be overturned on appeal absent abuse of that discretion. *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (1995).

## **ANALYSIS**

In both their motion to amend and motion to vacate the judgment, Plaintiffs merely assert arguments previously raised and considered. Each of their arguments

---

[1] District court decisions, even from this district, are not controlling authority.

revolve around the proposition that the Alabama door closing statute[2] renders contracts with non-registered foreign corporations void *ab initio*. The Plaintiffs claim that arbitration clauses within such contracts are similarly void and unenforceable. While not reaching a decision on whether the contract at issue in this cause of action is void or voidable, the Court in its Order (doc. 32) dismissing this cause for lack of subject matter jurisdiction examined, analyzed, and rejected these arguments. These assertions will not be revisited by the Court in analyzing the instant motion. The Court does note, however, that the United States Supreme Court, in an opinion subsequent to this Court's original opinion dismissing this case for lack of subject matter jurisdiction, reaffirmed that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, No. 04-1264, slip op. at 8, 2006 WL 286362, at *6 (US. Sup. Ct. February 21, 2006).

As the Court noted above, there is some authority that Rule 59(e) motions may be granted for the following reasons: (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. None of those situations

---

[2] Ala. Code § 10-2B-15.02 (1975).

are present in the instant case.  Accordingly, Plaintiffs' Motion to Amend the Order of Dismissal to state that the cause is remanded to the Circuit Court of Jefferson County, Alabama and Motion to Vacate the Judgment of Dismissal and for an Order Denying the Defendants' Motion to Dismiss are hereby **DENIED**.

    **DONE** and **ORDERED** this 1st day of March, 2006.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge